**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-50704
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE SANCHEZ-SANCHEZ, also known as Francisco Ruiz-Vidal

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-318-ALL

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Sanchez-Sanchez (Sanchez) appeals the 27-month sentence imposed following his guilty plea conviction for illegal reentry. He contends that this sentence was greater than necessary to meet the sentencing objectives in 18 U.S.C. § 3553(a). Sanchez asserts that the application of U.S.S.G. § 2L1.2 overstated the risk of recidivism and the risk of danger posed by his illegal reentry offense, that he did not pose a danger to others, and that there were

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mitigating circumstances to his offense because he had sought employment in the United States to help his wife, who was ill.

Following *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness in light of the sentencing factors in § 3553(a). *See United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). A sentence imposed within the properly calculated guidelines range is entitled to a presumption of reasonableness. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456, 2462 (2007) (allowing, but not requiring, such a presumption). Assuming, arguendo, that Sanchez preserved his arguments, we review for an abuse of discretion. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007).

The district court considered the circumstances of Sanchez's offense, as well as his arguments regarding the use of his prior offense in calculating the advisory guidelines range. The court pointed to the seriousness of Sanchez's prior offense, as well as the fact that he had admitted to using cocaine and had used different birth dates and aliases. Noting that Sanchez had been removed from the country on two prior occasions, the court expressed concern that although Sanchez said that he had come to the United States to work, he seemed to end up "getting into trouble." The sentence imposed by the district court was at the bottom of the advisory guidelines range. Sanchez has not overcome the presumption of reasonableness or shown that the district court abused its discretion in imposing this sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008); *Alonzo*, 435 F.3d at 554.

AFFIRMED.